IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 26–cv–00412–CNS–MDB

MANUEL J. LOPEZ SANTANA,
PEDRO A. BARBA LOPEZ, and
BRYAN CALDERA TORRES,

Plaintiffs,

v.

J H CROSSROAD, INC.,
FLASHING FREIGHT, INC., and
NARINDER SINGH,

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Unopposed Motion for Leave to Effect Substitute Service on Defendants Narinder Singh and to Extend the Time for Service. (["Motion"], Doc. No. 24.) After reviewing the Motion and applicable law, the Court **GRANTS in part and DENIES in part** the Motion.

**BACKGROUND**

This case arises out of a motor-vehicle collision involving a commercial tractor-trailer being operated by Defendant Singh. (*See generally* Doc. No. 1.) Plaintiffs have been unsuccessful in their attempts to serve Defendant Singh. (*See* Doc. No. 24.) According to Plaintiffs, the crash report indicates Defendant Singh lives at 14924 122nd Street, South Ozone Park, New York 11420. (*Id.* at 2 (citing Doc. No. 24-1).) Plaintiffs say they, through a process

server, have made three attempts to personally serve Defendant Singh at this address. (*Id.*.) Plaintiffs report the following results:

> April 30, 2026 at 12:48 p.m.: the first- and second-floor neighbors confirmed that the subject lives in the basement unit, but there was no answer at the door;
>
> May 1, 2026 at 7:46 a.m.: there was no answer at the door; and
>
> May 2, 2026 at 7:05 p.m.: a man at the residence stated that nobody by the name Narinder Singh lives in the basement, and provided no further information.

(*Id.*)

Plaintiffs argue that further attempts to personally serve Defendant Singh would be futile. They ask the Court to allow them to deliver the Summons and Complaint to any adult occupant of the Sout Ozone residence, or, alternatively, to leave a copy of the Summons and Complaint at the door of the residence. (*Id.* at 5.) Plaintiffs also say they will mail a copy of the Summons and Complaint to additional addresses in New York and California associated with Defendant Singh. (*Id.*; *see* Doc. No. 24-3 (declaring that a public records search identified the additional addresses).) Plaintiffs also seek an extension of the Rule 4(m) deadline to achieve service. (*Id.* at 3–4.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e), which governs service of individuals, provides that a plaintiff may accomplish service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service...the party may file a motion, supported by

an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). "If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: '(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.'" *John Hancock Life Ins. Co. (U.S.A.) v. Spearman*, 2025 WL 3294690, at *2 (D. Colo. Nov. 26, 2025) (quoting Colo. R. Civ. P. 4(f)). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Zayo Grp., LLC v. Veteran Commc'ns Grp., Inc.*, 2021 WL 5719855, at *1 (D. Colo. Feb. 18, 2021) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Additionally, New York law allows for "nail and mail" service—affixing the summons and complaint to the door of the defendant's dwelling place or usual place of abode and mailing a copy—where personal service cannot be made with due diligence. N.Y. C.P.L.R. § 308(4). As with Colorado's substitute service rule, a plaintiff cannot utilize nail and mail service absent a showing of due diligence. *See McSorley v. Spear*, 50 A.D.3d 652, 653–54 (2008).

## ANALYSIS

The Court declines to approve substitute service at this time. Though Plaintiffs appear to have engaged in good faith efforts to serve Defendant Singh, the Court finds the intensity and duration of their efforts insufficient to warrant substitute service.

First, the Court notes Plaintiffs have made just three attempts, each occurring within a few days of each other. Notably, three attempts over a short period is less than the effort expended by other plaintiffs who have recently been permitted to use substitute service. *See, e.g., Shukla Med. Inc. v. Mahe Med. USA, LLC*, 2025 WL 2711795, at *1–3 (D. Colo. Sept. 9, 2025) (granting substitute service after a three month effort that included "ten separate personal service attempts," and "direct contact with ... the original registered agent and CEO ... who refused service"); *Spearman*, 2025 WL 3294690, at *1–3 (granting substitute service after "no less than nine" service attempts, the mailing of three "service packages," at least five "stakeout surveillance" attempts, an attempt to directly contact the defendant by phone and email, and contact with the defendant's previous attorney); *Sec. & Exch. Comm'n v. Cournoyer*, 2025 WL 2401986, at *1 (D. Colo. Aug. 19, 2025) (granting substitute service after significant attempts to find and serve the defendant over the course of 15 months, and statements by the defendant's relatives that he was evading service).

Moreover, there is no evidence that Defendant Singh is aware of this suit and actively avoiding or evading service. *Cf. Pogue v. Brown*, 2025 WL 808361, at *1 (D. Colo. Mar. 13, 2025) (grating substitute service when the process server spoke with the defendant through his video doorbell and the defendant refused to accept service). And the process servers' interaction during the May 2nd attempt suggests it is at least possible that Defendant Singh does not live at

the address in question.[1] (*See* Doc. No. 24-2 (saying a man answered the door but said no one named Narinder Singh lived at the address).)

However, in light of Plaintiffs' good faith efforts to serve Defendant Singh, the Court will extend the Rule 4(m) service deadline. *See* Fed. R. Civ. P. 4(m) (saying that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Unopposed Motion for Leave to Effect Substitute Service on Defendants Narinder Singh and to Extend the Time for Service (Doc. No. 24) is **GRANTED in part and DENIED in part**. The deadline to serve Defendant Singh is extended to **December 21, 2026**. The Motion is denied without prejudice in all other respects.

Dated this 20th day of October 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge

[1] Of course, the Court acknowledges it is possible that the man was lying and/or himself is Defendant Singh, but the record lacks sufficient evidence to draw such a conclusion.